The pretrial conference consisted of testimony from both parties about issues capable of resolve at the outset of trial. Thereafter, at the appropriate points in the trial, husband and wife were recalled and testimony was elicited from each about contested issues.

Considering the scenario immediately before the first witness was formally called to testify in this case, this court finds no basis for distinguishing between the recorded testimony given in what was denominated "pretrial conference" and trial. The trial was but a continuation of the evidence adduced at the pretrial conference. Under these somewhat unique facts, this court holds that the testimony of wife, given without objection, whereby she requested payment of attorney fees and her testimony that she had paid $1,000 to her attorney, was sufficient to and did constitute an amendment of her pleading to request that husband be ordered to pay her attorney fees. As was the situation in *Riley* with respect to the issue of maintenance, the failure to object to the evidence offered beyond the scope of the pleadings resulted in automatic amendment of the pleadings to conform to the evidence and was consent to try the issue.

"The trial court was not required to hear evidence on the extent and value of the legal services rendered, as the judge is considered an expert on that question and can fix that amount without the aid of evidence." *In Re Marriage of Haubein*, 726 S.W.2d 433, 437 (Mo.App.1987), *citing In Re Marriage of Brewer*, 592 S.W.2d 529, 536 (Mo.App.1979). Husband's fourth point is denied. The judgment of the trial court is affirmed.

CROW and MONTGOMERY, JJ., concur.

PREWITT, P.J., recused.

**Fairy R. BIRT, Appellant,**

v.

**Linda LARIMER, et al., Respondents.**

**No. WD 44803.**

Missouri Court of Appeals,
Western District.

March 10, 1992.

Fairy R. Birt, pro se.

Nancy A. Beardsley, Kansas City, for respondent Linda Larimer.

Eddie Gene Dougherty, Kansas City, for respondent Retschlag, Stansberry, McCrary & Downing.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

### ORDER

PER CURIAM.

Appeal from trial court's dismissal of petition for failure to state a cause of action.

Judgment affirmed. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Harley J. COLEMAN, Appellant.**

**No. WD 44188.**

Missouri Court of Appeals,
Western District.

March 10, 1992.